**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 07-4919**

---

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

CHARLES T. FONTENEAU,

        Defendant - Appellant.

---

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  N. Carlton Tilley, Jr., District Judge.  (1:04-cr-00050-NCT)

---

Submitted:  April 24, 2008        Decided:  May 12, 2008

---

Before WILKINSON, NIEMEYER, and KING, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

George E. Crump, III, Rockingham, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, L. Patrick Auld, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Charles T. Fonteneau challenges the supervised release portion of the sentence imposed upon the second revocation of his supervised release. Fonteneau contends the forty-one month term of supervised release violated his constitutional protection against double jeopardy[1] and is unreasonable. After reviewing the record, we affirm.

The Double Jeopardy Clause of the Fifth Amendment protects defendants against second prosecutions for the same offense after either an acquittal or a conviction and against multiple punishments for the same offense. North Carolina v. Pearce, 395 U.S. 711, 717 (1969). The protection against multiple punishments ensures "that sentencing courts do not exceed, by the device of multiple punishments, the limits prescribed by the legislative branch of government, in which lies the substantive power to define crimes and prescribe punishments." Jones v. Thomas, 491 U.S. 376, 381 (1989).

When a court revokes supervised release and imposes a term of imprisonment, it may also reimpose a term of supervised release. 18 U.S.C.A. § 3583(h) (West 2000 & Supp. 2007). "The length of such a term of supervised release after imprisonment shall not exceed the term of supervised release authorized by

---

[1]Because Fonteneau failed to raise this claim below, we review it for plain error. Fed. R. Crim. P. 52(b); see United States v. Olano, 507 U.S. 725, 732 (1993).

statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release." Id.

The maximum term of supervised release authorized by statute for Fonteneau's original bank fraud conviction is five years. 18 U.S.C. § 3583(b)(1) (2000). Thus, when the district court revoked Fonteneau's supervised release, the maximum authorized term of supervised release was forty-one months.[2] Fonteneau concedes that his forty-one month term of supervised release was authorized by statute. He nonetheless argues the term subjected him to unconstitutional double jeopardy because it exceeded the thirty-six month term of supervised release imposed upon his original conviction. However, as explained, the term of supervised release did not exceed the sentence authorized by Congress and the starting point for calculating the term that may be imposed upon revocation is the term authorized for the original offense, not the term actually imposed upon the defendant's conviction. Furthermore, because a sentence imposed after the revocation of supervised release is not considered a new punishment, the Double Jeopardy Clause is not implicated. United States v. Pettus, 303 F.3d 480, 487 (2d Cir. 2002); see also United

---

[2]Forty-one months equals sixty months (statutory maximum term) minus ten months (term of imprisonment imposed when Fonteneau's supervised release was revoked in 2004), minus nine months (term of imprisonment imposed in the underlying 2007 revocation proceeding).

- 3 -

<u>United States v. Evans</u>, 159 F.3d 908, 913 (4th Cir. 1998) ("[T]he term of supervised release, the revocation of that term, and any additional term of imprisonment imposed for violating the terms of the supervised release are all part of the original sentence.") (citation omitted).

Fonteneau also argues that the term of supervised release renders his revocation sentence unreasonable. We will affirm a sentence imposed after revocation of supervised release if it is within the prescribed statutory range and not plainly unreasonable. <u>United States v. Crudup</u>, 461 F.3d 433, 437-39 (4th Cir. 2006), <u>cert. denied</u>, 127 S. Ct. 1813 (2007). In making this determination, we first consider whether the sentence is procedurally or substantively unreasonable. <u>Id.</u> at 438-39. Only if a sentence is unreasonable will we determine if it is "plainly" so. <u>Id.</u> at 439.

Although the district court provided no explanation for its selection of the maximum allowable term of supervised release, the court properly calculated the amount of supervised release it was authorized to impose and imposed a term within its authorization. We find nothing clearly or obviously erroneous about the sentence, especially in light of the fact that it was Fonteneau's second revocation of supervised release. <u>See</u> <u>United States v. Moulden</u>, 478 F.3d 652, 657 (4th Cir. 2007) (defining

"plainly unreasonable" sentence as one that is clearly or obviously erroneous.

Accordingly, we affirm the district court's revocation of supervised release and the sentence imposed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED